Judge Owslex
delivered the opinion.
This was a writ of right, brought by the appfellants, to recover an undivided seventh of a lot of ground in the town of Lexington.
The mise was joined on the mere right; and on the trial in the circuit court, a verdict was obtained under the instructions of the court by the appellee, who was tenant to the demandant’s prxeipe, and judgment accordingly rendered against the appellants.
From the bill of exceptions taken to the opinion of that court, it appears that the appellants, who were demandants in the writ, proved, that Francis M’Durmed, the father of the appellee Milly Phillips, was, in his lifetime, seized of the land, and had title to the lot in contest: that some lime in 1792, In’ departed this life, leaving eight children, of whom said Milly, then an infant, is one; and that Fanny, one of the children, shortly thereafter died without issue. The appellants also introduced a deed of bargain and sale, *8 dated in June, I79¿, and purporting to have been given %f the appellant, Milly, and llie other children of her deceased fattier, for the purpose of conveying to Hugh M’Dur-med certain parcels of land, therein described; — and also read in evidence a deed bearing date in 1793, and purporting to have been given by the said Milly and others, after she had intermarried witn a certain Gabriel Phillips, for the purpose, likewise, of conveying to the said Hugh M’-Durmed certain lands therein described. The testimonials on each deed were also read in evidence, and each deed was admitted by the appellee to include the lot in contest, The appellants further proved, that some time in 1792 she intermariied with the aforesaid Gabriel Phillips, by whom sise had two children: that in 1795 he departed this life; and within about nine months thereafter, she intermarried with her present husband, Edmund Phillips, and who is demandant.
The appellee then read a deed of bargain and sale, bearing date the 13th of June, 1804, seated and signed by hoi⅛ of the demandants, and purporting to convey to a certain George Shepherd all the right and interest, either in law or equity, which they, as heirs of Francis M Durmed, dec. and as heirs of Fanny Wilson, dec. daughter of said Francis, were entitled in any tot or parcel of ground in the town of Lexington, and which had not theretofore been conveyed by them, or agreed, or covenanted by them, or their ancestor. to be conveyed, and having introduced evidence conducing to prove the due execution of the deed, the evidence closed on both sides. Whereupon the demandants moved the court to instruct the jury, that if they found, from the evidence, that the demandant, Milly, was an infant at the date of the deed in ¡792, and both aw infant and feme covert at the date of that of 1793, that those deeds could not prevent them from recovering the land in contest: and that if they found, from the evidence, and admissions of the parties, that the lot in contest was embraced by those deeds, that it conid not pass by the deed of Í804, given by them to Shepherd: and also moved the court to instruct the jury, that if they believed the evidence and admissions of the parties, they ought to find for the de-mandants. The court, however, refused to give the instructions asked for, and instructed the jury, that if said Milly was an infant at the date of the deeds of 179 2 and 1783, those deeds were vsid, aud lire lot of course was em- *9 ⅛raced by the deed to Shepherd of 1804; and that if the jui>. should believe the deed of 1804 was sealed and delivered by the demandant Edmund, although his co-de-mandant and wife might not have executed it according to law, yet it was obligatory during the coverture, and would estop the demandants from recovering in this action —- Exceptions were taken to the opinions of the court, and the evidence spread upon the record; and the questions presented for the decsion of this court, involve an enquiry into the opinions contained ip the exceptions.
Ae*s of ih-fanfs which takeefF by delivery of the hand, are voidable only* while all acts that do ”ot take effect by delivery of* the band are void, unless beneficial to the infant. 1 Marsh. 77,ac.
Those opinions, it will be perceived, relate, first, to the instructions which were asked for bv the appellants, and refused by the court; and second, to the instructions which Were given to the jury.
We shall first enquire as to the correctness of the instructions given. And in making this enquiry, as the circuit court appears to have predicated its opinion of the invalidity of the deeds of IÍ9¿ and 1793, exclusively upon the infancy of the appellant ¡Vlillyj it may not he improper tor this court, waiving for the present all objections to ttieir due execution, to examine whether or not her infancy has the vitiating effect of rendering them absolutely void.
And first, as to the deed of 1792, made whilst Milly was a single woman:
There are some contrariety of opinions expressed in the authorities upon the subject, as to the governing principle by which the contracts of infants are determined to be merely voidable, or absolutely void. We have, however, been unable to discover any less exceptionable, and better supported by precedent, than that adopted by Perkins in his treatise on conveyancing, fn bis 12lh section he says, “that all such gifts, grants or deeds, made by infants, as do ‘‘not take effect by delivery of his band, are void; but all ‘‘gifts, grants or deeds, made by infants by matter in deed “or writing, as do take effect by delivery of bis band, are “voidable by himself, bis heirs, and by those who have bis “estate.” The same principle is recognized by the court of King’s bench, in the case of Zauch on the demise of Abbot against Parsons, 3 Burrow. In delivering the opinion of the court in that case, lord Mansfield, alluding to the principle laid down by Perkins, says, that the words ‘which do take effict,’ sr an essential part of the definition,, and exclude letters of attorney, or deeds which delegate a *10 mere authority, and convey no inferes); and, observes, a potvpi to receive seise» is an exception to this rub.
At common hiu't!i 'S rite of a fern covert riouldorily he alienated by fine and recovery, bul by oür staiuies bargain and sale is adequate to liat object.
That, according to this principe, the deed of 1793 is not void, hut merely voidable, is perfectly clear; — but whether or not a deed, importing a prejudice to the infant, would form an exception to the rule, need not be decided; for thi- deed in question purports to have been given for a valuable consideration, and consequently implies a setn*. blanee of benefit to the grantor, Miily.
Secondly as to the deed of 1758: — The grantor, Miily, as we have already seen, was, at the execution of that deed, not only an infant, but site was moreover a feme covert: s« that the validity of that deed turns upon the operation of a deed of bargain and sale made by a «tarried woman whilst a minor.
It will be recollected that the inheritance of married women could not, under the laws of England, be alienated by a deed of bargain and sale; and the deed in question appears io have been executed before any enactment upon the subject by the legislature of this country. On the separation of this stale from that of Virginia, however, ihe laws then in force there were adopted here; so that, in deciding on the validity of such a deed, we are led to look into the laws of Virginia in force at the separation.
By the Stb section of an act of 1748, (body of laws, 210,) it is enacted, “that all deeds of conveyance theretofore made, or thereafter to be made, indented and sealed by husband and wife, and by them personally acknowledged is the general court, or county court, the wife having first been examined by such court privily and apart trofti her husband, and giving her free consent to the same, shall be, and are hereby declared to be good and effectual in law, and shall be as valid to, convey and pass over all the estate, right, title, claim, interest and demand, of such wife and her heirs, in or to the land, tenements, or hereditaments, so granted or conveyed, whether the same be in right of dower or fee simple, or whatsoever other estate not being fee tail, she may have therein, as if the same had been done by fine and recovery, or fey any other way or means whatsoever, &c.”
And by a subsequent act of 1785, (Pleasants’ Revisioq, 157, s 7,) the mode of alienating the inheritance of married women by deeds of conveyance, is again prescribed, and at the dose of the sectioDj it is declared, that the eon- *11 vevance so made “shall not only be sufficient to eonvev or release any right of dower thereby intended to be conveyed, or released, but be as effectual for every other purpose as if she tiad been an unmarried woman.”
The deed of an infant covtU ¡a voidable,
adult ha n and feme cf all theretofore sold,does not infancy— Ae may affirm or 8urs,
The language employed in these acts, for the purpose of -shewing the efllei of deeds of conveyance,executed by mar* ried women, is not in each precisely the same; but according 10 no fair in terpretation of either can the deed, if made during the wife’s minority, be absolutely obligatory upon her. By a deed duly executed; we apprehend, under either act the title passes from the wife; but we suppose she cannot be precluded by either from avoiding a deed' made during her infancy.
By the latter act, she certainly cannot; for, as by it, the deed is declared to have the same effect, as if made by an anmarried woman, it is pi in,-that, as the deed of an unmarried; infant may be avoided, so may that of a' married woman made during her infancy. And by the former act, it is equally clear the deed made during the wife’s minority maybe avoided, By that act the deed is declared to have no greater effect than a fine and recovery would have; and it is well settled, that a fine levied, or a recovery suffered of the wife’s land by the husband and wife, may be avoided on account of ths infancy of the wife. 4 Com. digest, Fine H 7; Fitzh. N. B.48; Cro. E!iz. 12'J; Gomyn’s digest, Baron and Feme, 1,3; Corn, digest, 621.
Infancy does not, however, render the fine absolutely void; it is a circumstance that may be used by the person levying the fine in avoidance; but if that be not done during tbe infancy, the fine becomes obligatory, and cannot thereafter be avoided 3d Bacon’s Abridgment, 225; Com. digest, Enfant B. 2.
We have been thus far considering those deeds as if they had been duly executed;, and upon that supposition, as the last in question is admitted to ba included in each, it tol-lows the circuit court not only erred in its instructions that' those deeds were void, but also in instructing; the jury that the lot wasembraced by the deed given by the demandants to Shepherd; for as the deed to,Shepherd purports barely to convey tbe interest'in lots which liad not theretofore been conveyed-by the demandants or their ancestor, it is obvious that deed' cannot embrace any- lot contained in any prior deed which may have transferred the title; and- we have already; sees the deeds of 17&2aad 17S3.-'possess that op* *12 ration. Whether or oot the court decided correctly in In®, ¡alter i.rancli ot tbe instructions contained in the ¡nil of exceptions, we have not thought it material to ei.quirt. If the instructions nere oi her wise comet, it would be incum-ben! upon this court to make the enquiry; but as the judgment must, tor or tier reasons, be reversed, it cannot be material to proceed with the investigation. Those instructions reían exclusively ¡0 the deed given to Shepherd; and as ive suppose that deed does not embrace the lot in contest, an) opinion which might be given by this court in relation thereto, can have no ultimate bearing upon the rights of the parties.
An unrecorded dtv-d du.y s .df ⅜, sigw-d ^nci de,ivt ¡ .-d, pjiíhct Uie ú-tle 10 tlie grantee.
By the laws in ibi'Ci. in 2793, ¾ am-mission to 2 justices oi the peace to take the privy exandnation oí a ten e covert, wvs indispensable to the valid iv of the examination.
Whet her or not, if the deeds ef 1792 and 1793 were not duly 1 Xeeuted, or absolutely void, the lot would be embraced by the deed to Shepherd, need not be decided; for il either of those deeds pass the title, as they both include the lot, (be effect is the same as if both were valid. And as to the deed of 1792, we have been totally unable to perceive any objection to it. That deed, it is true, may not have been regularly recorded; but it appears to have been regularly signed, sealed and delivered by tbe demandant Miily, and without bting recorded, the title must have passed to M’Durmed.
Judging from the certificates of testimonials annexed to the deed of 1793, we should be constrained to decide, that it was not executed in tbe manner required to pass the inheritance oi a married woman. It appears to have been acknow ledged before two justices of the peace, but no commission is shewn to have issued to them for the purpose of taking her acknowledgement, and according to the laws then in force, such a commission is indispensable to tbe passing of the title
Having disposed of the questionsarising out of the instructions given to the jury, we are brought to enquire as to (tie instructions which were asked for by the demandants, but w’htc were refused by the court.
On approaching this branch of tbe cause, the only question that presents itself as of any importance, and which has not already bren noticed, involves an examination into the demandants’right to recover, without having actually entered upon the tot, or done some act during the infancy of li t feme to avoid the deeds given by her to M’Durrned. If tlic mere circumstance cl the dem mdants’ having btought their writ, ts sufficient to avoid those deeds, there is no *13 .doubt they must succeed, for, as M’Dormed, the ancestor of the demandant Mill}, is admitted to have been seized of tbe lot, his seizin is sufficient to authorise the demandants deriving iitle as his heiis, to maintain their writ; but if any act were necessary to be done by them during the infancy of Millv, or if actual entry were at any time necessary to avoid those deeds, then, as neither is provento have been done by the demandants, the court cannot have erred in refusing to instruct the jury to find tor them.
No act need be done during t he infancy to enable an infant to avoid his acts.
¡1 is perfectly clear, according to the view we have taken of the deed of 1793, that no act was necessary to avoid it. That deed, vve have seen, rvas not executed conform-ably to tbe requisitions of the laws then in force regulating the alienation of tbe inheritance of married women, and being executed by Miily whilst covert, must be held inoperative and void.
Whether, if regularly executed, that deed should have been avoided during tbe minority of Miily, is a proposition involved in some doubt if, under tbe statutes in force in this country, tbe conveyance of a feme covert, made by bargain and sale, is to have the same force and effect, to every purpose, as a fine, there is l.o doubt but the deed, if it bad been regularly executed whilst Miily was covert, ought to have been avoided during her infancy; for it is well settled a! common law, that on account of infancy a fine could not he avoided after the arrival ot tbe infant at full age. 3 Bac. Abr G06. Whether, however, our statutes should be construed to have the same operation as to the avoidance of deeds made under them, we would not be understood as now deciding, but will reserve the question until a decision on that point becomes necessary to the rights of tbe parr ties.
With respect to the deed of 1792, executed by Miily whilst an infant ai'id unmarried, we are of opinion, that no act was necessary to be done, during her minority, to avoid it, hut that after her arrival at full age it was competent.for tbe demandants to assert her right to the lot.
We have met with no adjudged case in the English books where the case has undergone a direct adjudication: But lord Coke, in his 2d Institutes, 673. says, “if an infant bargain and sell land by deed indented and enrolled, he may avoid it ai any litm ” And in 3 f urroiv, 1 805. lord Mansfield cites tbe autnority from Coke with approbation,— *14 And the same auit,or.t-y is compiled by Bacon in his abrio'gen;eu»,3d vol. o07.
Wicklijfe for appellants, Haggin contra.
.. ,« . i ¶ i I hi- q; esht ii, ; owcver, occurred before the supreme couri of New York, in the case of Jackson on the demise of Wailae*, &e. against Carpenter; and if was there neld,.. that an infant, after h:s- arrival as full age, might avoid a died of bargain and sale: bee It John, liep. 539
In the c isc- in N'ew-Yt tk it was also held, that an-erstry bv the grantor upon the land, was not necessary to avoid a dttd made during infancy, but that he might avoid it after arriving at lull age by a deed for the same land executed te another person.
The authority from New York, and that from Coke, whilst they prove that neuher any act was necessary to be done by the demandants during the minority of Milly, or an >ntry at any time upon the lot for the purpose of avoiding the deed of 1792, they tend, strongly, to fortify the position assumed in the former part of this opinion, that the deed, although made by the demandant Milly during her infancy, is not absolutely void, but merely voidable.
Upon the whole we are of opinion that, assuming the evidence and admissions of the parties to be true, the de-mandants shewedthemselves entitled to recover; and, consequently, the court erred in not so instructing the jury.
The judgment must therefore be reversed with cost, the cause remanded to the court below, and further proceedings had riot inconsistent with this opinion.